UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY HINES, | ) | Case No. ED CV 11-1695 ODW (MRW) |
| Plaintiff, | ) | |
| vs. | ) | ORDER DISMISSING ACTION |
| FRANCISCO QUINTANA, et al., | ) | |
| Defendants. | ) | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses this action due to Plaintiff's failure to prosecute the case.

\* \* \*

Plaintiff is a federal prisoner. In late 2011, he filed this action against officials at the federal facility in Lompoc, California,[1] alleging violations of his civil rights based on the opening of his legal mail. (Docket # 3.) Magistrate Judge Wilner ordered the complaint to be served on one of the named defendants.

---

[1] According to a change of address form, Petitioner is now housed at the federal penitentiary in Pine Knot, Kentucky.

(Docket # 6, 7.) The Marshals Service was able to serve the defendant in June 2012.

In November 2012, Defendant Parker moved to dismiss the complaint for failure to state a claim. (Docket # 32.) Judge Wilner informed Plaintiff about the existence of the motion, and specifically told Plaintiff that he could "choose to oppose the dismissal motion on the merits, request leave to amend his complaint (and submit a proposed amended complaint), or voluntarily dismiss the action without prejudice" in response. (Docket # 33.) The Court further informed Plaintiff that the failure file a timely response "will lead the Court to conclude that the motion is unopposed, and the action will be dismissed on that basis and under Federal Rule of Civil Procedure 41 for failure to prosecute the action." (Id.)

Plaintiff responded with a two-page filing in which he asked to amend his complaint to correct an error in the pleading. (Docket # 34.) However, Plaintiff did not submit a proposed new complaint to show how he intended to fix the unidentified error. Judge Wilner issued an order denying the request on the grounds that the motion was not accompanied by the new complaint and Plaintiff's previous failure to state sufficient facts against another named party. (Docket # 35.) Judge Wilner's second order informed Plaintiff of the new deadline by which he was to submit his amended complaint or otherwise oppose the dismissal motion.

Plaintiff failed to file anything in response to the Court's order. Judge Wilner then issued a third order requiring Plaintiff to show cause why the action should not be dismissed under Rule 41. The Court set a final submission date of February 11, 2013, for Plaintiff's response. To date, Plaintiff has not filed anything – an opposition to the defense motion, an amended complaint, or a response to the OSC – in the action. The Court notes that Plaintiff has previously had numerous other civil actions dismissed at the pleading stage in this Court.

See Hines v. Quintana, ED CV 11-872 UA (MRW) (C.D. Cal.); Hines v. Quintana, ED CV 11-921 UA (MRW) (C.D. Cal.); Hines v. Quintana, ED CV 11-1107 UA (MRW) (C.D. Cal.); Hines v. Martin, ED CV 12-1484 UA (MRW) (C.D. Cal.).

\* \* \*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

In the current case, the Court finds dismissal is appropriate. Over the past few months, Plaintiff demonstrated he has no interest in pursuing this civil action. Plaintiff failed to comply with three clear, direct instructions from the magistrate judge regarding the dismissal motion and the proposed amended complaint. Even after receiving extended deadlines and several warnings that he faced dismissal of the action for failure to prosecute, Plaintiff did not file any response. This conduct has unnecessarily delayed the litigation. As a result, the Court, the government, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's most recent notices about the status of the case, no sanction short of dismissal will be effective in moving this case forward.

Therefore, this action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 7, 2013

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

4